[Cite as *State v. Norman*, 2011-Ohio-568.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-21 |
| PHILLIP NORMAN | : |  |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Cambridge
                             Municipal Court, Case Nos. 09CRB01022
                             and 09CRB01030

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 8, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM FERGUSON                      LINDSEY K. DONEHUE
150 Highland Avenue                   1009 Steubenville Avenue
Cambridge, OH 43725                   Cambridge, OH  43725

*Gwin, P.J.*

{¶1} Defendant-appellant Phillip Norman appeals the Judgment of the Cambridge Municipal Court finding him guilty of one count of Possession of Marijuana (less than 100 grams) and one count of Possession of Drug Paraphernalia. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On July 21, 2009, Guernsey County Narcotics Investigator Sam Williams sought and received a search warrant that was signed by Acting Judge William M. Bennett. In support of the request for the search warrant, Detective Williams executed an affidavit. The affidavit was attached and incorporated as Exhibit "A" into the search warrant. The request for a warrant was granted by Judge Bennett.

{¶3} In the affidavit, Detective Williams set for the following information that was relied upon by Judge Bennett in issuing the warrant:

{¶4} 1). the affiant is a narcotics investigator for the Guernsey County Sheriff's Department;

{¶5} 2). the affiant had received complaints of possible drug activity at 313 South 2nd Street, Byesville, Ohio;

{¶6} 3). the complaint included license plate numbers and vehicle descriptions;

{¶7} 4). the complaint indicated that multiple vehicles would regularly pull up to the rear entrance to the home and stayed not more than ten (10) minutes;

{¶8} 5). the affiant received complaints from individuals having observed money and drugs change hands between appellant and other individuals in the back yard;

**{¶9}** 6). the affiant conducted surveillance of the residence and personally observed individuals who had been convicted of drug related crimes at the residence. The affiant specified names of these individuals in the affidavit;

**{¶10}** 7). the affiant indicated that appellant has a lengthy history of illegal drug activity;

**{¶11}** 8). a confidential informant who was scheduled to make a controlled drug buy at the residence had contacted the affiant;

**{¶12}** 9). the informant was being sent into the residence with marked money with the intention of purchasing marijuana;

**{¶13}** In addition, Detective Williams worked for several years as a member of the Byesville Police Department and had personal knowledge of appellant's history of drug abuse from his employment at that police department.

**{¶14}** Detective Williams had used the informant in question on previous drug buys. He had always been reliable and Detective Williams indicated that he had no reason to doubt that the information being provided was accurate.

**{¶15}** Detective Williams placed a recording device on the confidential informant, gave him one hundred seventy-five ($175.00) dollars in marked drug-buy money, and sent him to 313 South 2nd Street, Byesville, Ohio.

**{¶16}** The informant returned from the residence and presented Detective Williams with a clear plastic baggie that appeared to contain crack cocaine. The informant told Detective Williams that the material contained in the baggie was crack cocaine. Detective Williams did not have a chemical kit available with him to test the substance to confirm crack cocaine prior to entering the residence.

{¶17} Based upon the information obtained, deputies of the Guernsey County Sheriff's Department executed the search warrant on the residence. As a result of the execution of the warrant, a number of items consistent with illegal drug activity were located, and those items included small amounts of marijuana, marijuana joints and roaches, hemostats, rolling papers, prescription pill bottles with various names on the bottles various prescription pill bottles with labels removed, and various miscellaneous pills.

{¶18} During subsequent interrogation, appellant admitted that the marijuana and some of the drug paraphernalia items belonged to him and admitted that several of the pills were not prescribed to him and that several empty pill bottles that did not belong to him were among the items located at the home.

{¶19} Based upon the totality of the circumstances, appellant was charged with possession of marijuana, possession of drug paraphernalia, and possession of dangerous drugs.

{¶20} Appellant filed a motion to suppress evidence based upon alleged deficiencies in the search warrant. On November 16, 2009, the trial court held a hearing on the Motion to Suppress. Detective Williams was the only witness that testified.

{¶21} At the hearing, Detective Williams testified that when the informant returned to him he did not listen to the tape recorder before executing the warrant. He also stated that when the officers finally listened to the tape the recorder turned off after approximately five seconds of recording and there were no details of the alleged transaction. Detective Williams also testified that the informant brought him a plastic

baggy containing a substance that resembled the drug crack, but when it was tested it was revealed to be soap. Detective Williams testified that even though he was familiar with a NIK kit and generally had kits available for use, he did not test the substance before executing the warrant.

{¶22} Detective Williams also testified during the suppression hearing that he relied upon appellant's CCH report to prepare the affidavit upon which the search warrant was based. He attested that appellant has a "lengthy history of illegal drug activity." However, during examination Detective Williams admitted that in truth there was only one drug related offense, which was a drug trafficking charge almost twenty-five years ago in 1995. Additionally, Detective Williams stated in his affidavit that appellant was convicted of Having Weapons under Disability. However, appellant was actually convicted of a first-degree misdemeanor charge of Improper Handling of Weapons. Detective Williams admitted that according to the CCH report, appellant does not have a "lengthy history of illegal drug activity." During cross-examination Detective Williams testified that it was his own personal knowledge that appellant had a history of drug charges.

{¶23} At the conclusion of the testimony, the trial court took the matter under advisement. On February 24, 2010, the trial court denied appellant's motion to suppress and set trial for April 5, 2010.

{¶24} Trial commenced on April 5, 2010. Again, Detective Williams was the only witness to testify. The trial court announced the verdict from the bench and found appellant guilty of possession of marijuana and possession of drug paraphernalia, but not guilty of possession of dangerous drugs. On the possession of drug paraphernalia

conviction, the trial court sentenced appellant to serve 30 days in the county jail and suspended appellant's driver's license for 12 months. On the possession of marijuana conviction, the trial court sentenced appellant to pay a fine in the sum of $150.00. Appellant's trial counsel moved to stay the execution of sentence pending this appeal and the motion was granted.

**{¶25}** On April 20, 2010, appellate Counsel Andrew Warhola filed a timely Notice of Appeal, Docketing Statement, and Request for the transcript of the trial to be prepared at the State's expense. On July 16, 2010, the trial court Granted Attorney Warhola's Motion to Withdraw and appointed Attorney Lindsey K. Donehue to continue the Appeal.

**{¶26}** Appellant has timely appealed raising the following assignment of error for our consideration.

**{¶27}** "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE SEIZED AND OBTAINED FROM THE INVALID SEARCH WARRANT BECAUSE THE SEARCH WARRANT WAS BASED ON AN AFFIDAVIT THAT WAS MADE WITH RECKLESS DISREGARD FOR THE TRUTH AND THE SEARCH WARRANT SHOULD NOT HAVE BEEN EXECUTED BECAUSE THE LIMITED CIRCUMSTANCES UNDER WHICH IT WAS GRANTED DID NOT OCCUR."

I.

**{¶28}** In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. We disagree.

{¶29} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154-155, 797 N.E.2d 71, 74, 20030-Ohio-5372 at ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See B*urnside,* supra, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539; See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657. That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶30} Appellant first argues that the trial court erred in denying his motion to suppress evidenced because the search warrant was based on an affidavit that was made with reckless disregard for the truth.

**{¶31}** In addressing the substance of defendant's assignment of error, we begin with Crim.R. 41, which governs the issuance and execution of search warrants in Ohio. Subsection (C) of the rule reads, in pertinent part:

**{¶32}** "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

**{¶33}** In reviewing the affidavit in this case, we are guided by the following instruction by the Ohio Supreme Court: ""[R]eviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George* (1989), 45 Ohio St.3d 325, 330 544 N.E.2d 640, paragraph two of the syllabus; *Illinois v. Gates* (1983), 462 U.S. 213, 238-239, 102 S.Ct. 2317, internal

citations omitted. "'[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *State v. George,* supra at 329, 544 N.E.2d 640, citing *Illinois*, 462 U.S. at 238-239.

**{¶34}** Deference to the judge issuing a warrant, however, is not boundless. *State v. Birk,* Fairfield App. No. 2007-CA-63, 2008-Ohio-5571 ¶27. Notwithstanding the reasonable reliance on a search warrant exception to Fourth Amendment exclusionary rule, suppression is an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *United States v. Leon* (1984), 468 U.S. 897, 914, 104 S.Ct. 3405, 3416. Good faith is no defense where the officer himself is the source of the challenged information. See, *United States v. Baxter* (6th Cir. 1990), 889 F.2d 731.

**{¶35}** "To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either 'intentionally, or with reckless disregard to the truth'." *State v. Waddy* (1992), 63 Ohio St.3d 424, 441, 588 N.E.2d 819 superseded by Constitutional amendment on other grounds as recognized by *State v. Smith* (1997), 80 Ohio St.3d 89, 103, 684 N.E.2d 668.(Citing *Frank v. Delaware* (1978), 438 U.S. 154, 155-156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672). See also, *State v. McKnight* (2005), 107 Ohio St.3d 101, 105, 2005-Ohio-6046 at ¶31, 837 N.E.2d 315, 329. "'Reckless disregard' means that the affiant had serious doubts of an allegation's truth." Id. (Citation omitted). "Omissions count as false statements if 'designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate'." *State*

*v. Waddy,* supra.   (Emphasis deleted in original) (Citation omitted). *State v. Brown* (June 28, 2000), Tuscarawas App. No. 1999AP09005.

{¶36} In *Franks v. Delaware* (1978), 438 U.S. 154, 98 S.Ct. 2674 the United States Supreme Court held that when the accused proves by a preponderance of the evidence that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that * * * the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id. at 155-156; see, also, S*tate v. Waddy*, supra, 63 Ohio St.3d at 441, 588 N.E.2d 819.

{¶37} "The burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.(*1993), 508 U.S. 602, 622, 113 S.Ct. 2264, 2279, (1993) (internal quotation marks omitted).   In other words, the preponderance standard goes to how convincing the evidence in favor of a fact must be in comparison with the evidence against it before that fact may be found, but does not determine what facts must be proven as a substantive part of a claim or defense. *Metropolitan Stevedore Co. v. Rambo* (1997), 521 U.S. 121, 117 S.Ct. 195 at n. 3.

{¶38} In assessing whether a party has met its burden of proof, the Ohio Supreme Court has stated, "[t]he degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the

character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123. See also, *Rice v. City of Cleveland* (1944), 144 Ohio St. 299, 58 N.E. 768. "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George* (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238-39.

{¶39} Moreover, evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause will not be barred by the application of the exclusionary rule. See *George,* 45 Ohio St.3d 325 at paragraph three of the syllabus, citing *United States v. Leon* (1984), 468 U.S. 897. Finally, an officer executing a valid warrant may seize an item not described in the warrant if "it was 'immediately apparent' that the item was incriminating." *State v. Waddy*, supra 63 Ohio St. 3d at 442, citing *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 466. See also *Horton v. California* (1990), 496 U.S. 128. Keeping in mind the foregoing principles, we will begin by discussing the search conducted on July 21, 2009.

**{¶40}** Appellant first contends that Detective Williams acted with reckless disregard for the truth when he stated in the search warrant affidavit that appellant "has a lengthy history of illegal drug activity" even though the CCH reports only one, twenty-five year old instance of drug activity in appellant's past.

**{¶41}** Probable cause to search does not require proof that a crime was actually committed, merely the fair probability that evidence of a crime will be found at the location described. *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus. In the case at bar, the facts in the affidavit fully supported a finding of probable cause: Detective Williams had received complaints by individuals who claimed to have observed money and drugs change hands on numerous occasions at the home; some of those complaints contained license plate numbers, and descriptions of vehicles and the occupants; Detective Williams conducted surveillance at the residence and observed specific individuals who have been convicted of drug related crimes at the home; appellant did have a prior felony drug offense conviction. These facts did not constitute false and misleading statements in violation of *Franks v. Delaware,* 438 U.S. at 170, 98 S.Ct. 2674, 57 L.Ed.2d 667.

**{¶42}** Appellant's argument centers upon Detective Williams' use of the term "lengthy" in his affidavit. [Appellant's Brief at 15]. However, this Court need not decide whether Detective Williams, intentionally or with a reckless disregard for the truth, included the statement in his affidavits that appellant had "a lengthy history of illegal drug activity." Rather, this Court concludes that, setting that statement to one side, the remaining content of the affidavits is sufficient to establish probable cause to search the residence. *United States v. Colquitt* (SD OH April 27, 2010), 2010WL17269 at 6.

The remaining content of the affidavit is sufficient to establish probable cause to believe that evidence of drug activity would be found at the residence.

{¶43} Appellant next argues that the search warrant should not have been executed because the limited circumstances under which it was granted did not occur. Specifically, appellant contends that the affidavit in support of the search warrant provided that, in the event the informant does not return a recording of the drug transaction as well as marijuana, then there would be no raid on appellant's home and the search warrant would not be executed.

{¶44} In the case at bar, Detective Williams testified he did not listen to the recorder that the informant returned to him before executing the warrant. (Mot. T. at 13-14). He also stated that when the officers finally listened to the tape, the recorder turned off after approximately five seconds of recording and there were no details of the alleged drug transaction. (Id. at 14). Detective Williams also testified that the informant brought him a plastic baggy containing a substance that resembled the drug crack, but when it was tested revealed to be soap. (Id. at 14-15).

{¶45} Evidence not specifically described in a warrant may be validly seized under two theories: (1) based upon evidence known to the officers the articles seized were closely related to the crime being investigated; (2) the officers had reasonable cause to believe the items seized were instrumentalities of the crime. *State v. Fields* (1971), 29 Ohio App.2d 154, 160-161, 58 O.O.2d 212, 215-216, 279 N.E.2d 616, 620-621; *State v. McGettrick*(1988), 40 Ohio App.3d 25, 29, 531 N.E.2d 755, 760.

{¶46} In the present case, the purchase of items believed to be illegal drugs from a confidential informant who was expected to purchase marijuana does not

invalidate the issuance or the execution of the search warrant. In *Mays v. City of Dayton,* the United States Court of Appeals for the Sixth Circuit Court observed, "[a]ffidavits in support of search warrants 'are normally drafted by non-lawyers in the midst and haste of a criminal investigation.' *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). An affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation. *United States v. Colkley,* 899 F.2d 297, 302 (4th Cir.1990). Clearly an affidavit should not be judged on formalities, as long as probable cause is evident." (1998), 134 F.2d 809, 815.

**{¶47}** In the present case, the warrant authorized a search for "evidence of drug trafficking…drugs, drugs paraphernalia [sic.]…and any other items used in drug trafficking…" The warrant did not limit the search to solely marijuana. The item returned by the informant appeared to be crack cocaine and was related to the crime of drug trafficking being investigated; additionally Detective Williams had reasonable cause to believe the items seized was the instrumentality of the crime of drug trafficking.

**{¶48}** Based upon the above, we find the trial court properly overruled the motion to suppress

**{¶49}** Appellant's sole assignment of error is overruled.

**{¶50}** For the foregoing reasons, the judgment of the Cambridge Municipal

Court, Guernsey County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concurs

separately

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

WSG:clw 1220

*Delaney, J., concurring*

{¶51} I concur with the majority's opinion in the disposition of Appellant's assignment of error. I disagree with the majority's opinion in ¶42, however, that we need not consider whether Detective Williams' statements in his affidavit were made with reckless disregard for the truth. As a reviewing court, we must still consider these statements and determine whether they were made with reckless disregard for the truth. Assuming, arguendo, that the statements were made with such reckless disregard, I would still find sufficient independent evidence to support the trial court's decision to deny Appellant's Motion to Suppress.

_____
JUDGE PATRICIA A. DELANEY

[Cite as *State v. Norman*, 2011-Ohio-568.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :

            Plaintiff-Appellee          :

                                :

-vs-                                   :          JUDGMENT ENTRY

PHILLIP NORMAN                         :

            Defendant-Appellant        :          CASE NO. 2010-CA-21

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby affirmed. Costs to appellant.

 

 

 

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY