[Cite as *State v. Lair*, 2018-Ohio-3112.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17 CAA 09 0064 |
| DAVID M. LAIR, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware County
Court of Common Pleas, Case No.
17CRI030136

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 3, 2018

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CAROL HAMILTON O'BRIEN      TOM WALDECK
PROSECUTING ATTORNEY      2 West Winter Street, Ste. 301
BY: KIMBERLY BURROUGHS      Delaware, OH 43015
140 North Sandusky Street
Delaware, OH 43015

*Gwin, J.,*

{¶1} Defendant-appellant David M. Lair, Jr. ["Lair"] appeals the May 25, 2017 Judgment Entry of the Delaware County Court of Common Pleas overruling his motion to suppress.

*Facts and Procedural History*

{¶2} Detectives of the Delaware County Sheriff's Department prepared an affidavit in support of an application for a search warrant to search at 101 Edgevale Road, Columbus, Ohio 43209 for evidence involved in the commission of the crimes of theft and breaking and entering. The residence was identified in the affidavit and the warrant as the "Lair residence." The warrant to search also contained a detailed physical description of the home.

{¶3} The affidavit in support of the warrant indicated that David Lair was identified by "DCSO Criminal Intelligence Analyst Brook Segaard" as an individual captured on surveillance footage breaking and entering into WidePoint Integrated Systems and stealing $24,845.60 worth of cell phones and other devices from the premises. It further indicated that four of the stolen devices were sold at an ecoATM, an automated teller machine designed for the sale of used technology. During the transaction, the ecoATM photographed David Lair and his wife, Wendy Lair, standing in front of the machine. The ecoATM also photographed the driver's license of Wendy Lair, which listed 101 Edgevale Road, Columbus, Franklin County, Ohio 43209 as her home address. The search warrant issued by Judge Peeples of the Franklin County Municipal Court was executed a few hours after it was issued by Detectives Overly, Yates, and

Gannon of the Delaware County Sheriff's Office. Officers recovered five additional iPhones from the home.

{¶4} On March 1, 2017, Lair was indicted on three felony charges, including a fifth degree felony of breaking and entering in violation of R.C. 2911.13(A), a fourth degree felony theft in violation of R.C. 2913.02(A)(1), and a fifth degree felony receiving stolen property in violation of R.C. 2913.51(A). On April 27, 2017, Lair filed a motion to suppress the evidence obtained after execution of the search warrant. In his written motion, Lair argued that the affidavit filed in support of the search warrant did not sufficiently establish probable cause to support the warrant. Specifically, Lair argued that the affidavit did not sufficiently state a nexus between the residence to be searched and the evidence to be seized.

{¶5} The trial court held an evidentiary hearing on Lair's motion to suppress on May 24, 2017. Detective Overly testified that he wrote arrest warrants for David and Wendy Lair for the commission of the breaking and entering and theft offenses at WidePoint Integrated Systems. Those arrest warrants were supported by an affidavit of probable cause. Detective Overly testified that Detective Chuck Gannon, also of the Delaware County Sheriff's Office, wrote the search warrant. According to Detective Overly, Detective Gannon copied the text of Detective Overly's arrest warrant probable cause affidavit into the probable cause affidavit used to support the search warrant. Detective Overly testified that, at the time he and other officers executed the search warrant signed by Judge Peeples, they had no reason to believe the warrant itself was invalid.

{¶6} After hearing all evidence, the trial court denied Lair's motion to suppress. The court agreed with Lair and found that the affidavit offered to support the warrant was, in fact, insufficient to prove probable cause because it failed to sufficiently state, "why the property is where [the detectives] say it is." T. at 47, 50. The court then considered whether the warrant was "so totally inadequate" that it would have "raised the awareness" of the detectives who sought the warrant such that they "should have known better" and whether the detectives "executed this warrant in good faith." T. at 50. The court found that the detectives did not act "falsely or knowingly," and that no officer misconduct was involved in the execution of the warrant. T. at 52. At most, the court found, the officers had "probably" acted negligently. T. at 52. Given that, the court declined to suppress the evidence, holding that the matter fell within "the exception of good faith" to the exclusionary rule. T. at 52. The trial court filed a Judgment Entry incorporating its findings and overruling Lair's motion to suppress on May 25, 2017.

{¶7} Lair subsequently pled no contest to count two of the indictment, and the state agreed to dismiss counts one and three. The trial court imposed a term of imprisonment on that offense.

*Assignment of Error*

{¶8} Lair raises one assignment of error,

{¶9} "I. THE TRIAL COURT ERRORED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE FILED ON MAY 25, 2017."

**STANDARD OF APPELLATE REVIEW.**

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 797 N.E.2d 71, 74, 20030-

Ohio-5372 at ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539; See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657. That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

**ISSUE FOR APPEAL**

*Whether the search warrant issued for the search of the Lair residence was so obviously invalid that the officers' conduct in relying on the warrant falls beyond the scope of the good faith exception to the Fourth Amendment exclusionary rule, and evidence gathered during the search of the Lair residence should have been suppressed.*

{¶11} In reviewing the affidavit in this case, we are guided by the following instruction by the Ohio Supreme Court: ""[R]eviewing courts may not substitute their own

judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989), paragraph two of the syllabus; *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), internal citations omitted. "'[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *State v. George, supra* at 329, 544 N.E.2d 640, *citing Gates,* 462 U.S. at 238–239, 103 S.Ct. 2317. *See also, State v. Norman,* 5th Dist. Guernsey No. 2010-CA-21, 2011-Ohio-568, 2011 WL 415000 at ¶ 33.

{¶12} In assessing whether a party has met its burden of proof, the Ohio Supreme Court has stated, "[t]he degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118, 123 (1954). *See also, Rice v. City of Cleveland*, 144 Ohio St. 299, 58 N.E.2d 768 (1944)". "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of

knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, *quoting Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527. *See also, State v. Norman, supra,* 2011-Ohio-568, 2011 WL 415000, ¶ 38.

{¶13} Moreover, evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause will not be barred by the application of the exclusionary rule. *See George*, 45 Ohio St.3d 325, 544 N.E.2d 640 at paragraph three of the syllabus, *citing United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Finally, an officer executing a valid warrant may seize an item not described in the warrant if "it was 'immediately apparent' that the item was incriminating." *State v. Waddy, supra* 63 Ohio St.3d at 442, 588 N.E.2d 819, *citing Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). *See also Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

{¶14} In the case at bar, the trial court found the search warrant to be insufficient, however the trial court ruled the officers who executed the warrant acted in "good faith."

1. The "good faith exception" to the exclusionary rule.

{¶15} The Fourth Amendment provides that, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." However, in *Leon,* the United States Supreme Court recognized that "the Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained

by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *George*, 45 Ohio St.3d 325, 544 N.E.2d 640 at paragraph three of the syllabus. In other words, if an affidavit lacks probable cause, an exception to the exclusionary rule exists where "'the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate.'" *United States v. Watson,* 498 F.3d 429, 431 (6th Cir.2007), *quoting Massachusetts v. Sheppard,* 468 U.S. 981, 987–88 (1984). "This is known as the good-faith exception." *United States v. Rose*, 714 F.3d 362, 367 (6th Cir.2013). *See, State v. Dibble,* 10th Dist. Franklin No. 13AP-798, 2014-Ohio-5754, ¶15.

{¶16} The good-faith exception to the exclusionary rule is limited in its application. *George,* 45 Ohio St.3d at 331; *United States v. Leon*, 468 U.S.at 923. The *Leon* court cautioned, "[s]uppression remains an appropriate remedy" when the court finds that any one of the following four circumstances exist:

(1) * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * * "; (2) " * * * the issuing magistrate wholly abandoned his judicial role * * * "; (3) an officer purports to rely upon " * * * a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable ' "; or (4) " * * * depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to

particularize the place to be searched or the things to be seized—that the

executing officers cannot reasonably presume it to be valid. * * *

*George*, 45 Ohio St.3d at 331; *Leon,* 468 U.S. at 923; *Dibble* 2014-Ohio-5745, ¶16.

{¶17}  In *State v. Dibble,* the Court observed,

An affidavit lacks the requisite indicia of probable cause if it is a "bare

bones" affidavit.   *United States v. Laughton*, 409 F.3d 744, 748 (6th

Cir.2005), *citing Leon* at 914–23.  The inquiry into whether an affidavit is so

bare bones as to preclude application of the good-faith exception is a less

demanding inquiry than that involved in determining whether an affidavit

provides a substantial basis for the magistrate's conclusion of probable

cause.  Id. at 748, *citing Leon* at 914–23.  The Sixth Circuit has defined a

"bare bones" affidavit as one that states "suspicions, beliefs, or conclusions,

without providing some underlying factual circumstances regarding

veracity, reliability, and basis of knowledge."  Id. at 748–49, *citing United*

*States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir.1996).

10th Dist. Franklin No.  13AP-798, 2014-Ohio-5754, ¶17.

{¶18}  In the case at bar, the affidavit in support of the search warrant contains an

address and a detailed physical description of the residence to be searched.  Further, the

affidavit of Detective Overly states the date of the breaking and entering of the WidePoint

Integrated Systems location, and the number and type of cellular devices that were stolen.

The affidavit indicates that a photograph of the suspects, a male and a female was

obtained by video from an ecoATM in Walmart #3447, located at 3657 East Main Street,

Columbus, Ohio 43213.  A driver license photograph from the transaction identified the

female suspect as Wendy R. Lair. The affidavit in support of the warrant indicated that David Lair was identified by "DCSO Criminal Intelligence Analyst Brook Segaard" as the male suspect. Thus, the affidavit in the case at bar, was not "bare bones." Nor did the affidavit merely posit suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.

{¶19} In *State v. George,* the Ohio Supreme Court observed,

> However, even were we to determine that this affidavit did not furnish the judge with a substantial basis for concluding that there was probable cause to search the house, we would be compelled nevertheless to uphold this search based upon the "good faith exception" to the exclusionary rule set forth in *United States v. Leon, supra*, and adopted by this court in *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236. Unlike the case before us, *State v. Wilmoth* involved not the issue of probable cause but defects in the warrant procedure under Crim.R. 41. However, *Leon, supra*, held that the Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. Id. at 918–923, 926, 104 S.Ct. at 3418–3421, 3422.

45 Ohio St.3d 325, 330, 544 N.E.2d 640(1989).

{¶20} Under these circumstances, we find "the officers' reliance on the [judge's] determination of probable cause was objectively reasonable, and application of the

extreme sanction of exclusion … [would be] inappropriate." *United States v. Leon*, 468 U.S. 897, 926, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).  This is not a case where "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  *Leon*, 468 U.S. at 923, 104 S.Ct. 3405 (internal quotation marks omitted). It is not unreasonable to believe that the suspects would store the stolen items in their home, or that other evidence of the crimes would be found at the residence.

{¶21}  We find the execution of the warrant and resulting seizure of contraband were well within the standards of the "good faith exception" to the exclusionary rule set forth in *United States v. Leon*.  *State v. George,* 45 Ohio St.3d at 332, 544 N.E.2d 640.

{¶22}  Lair's sole assignment of error is overruled.

{¶23}  The judgment of the Delaware Court of Common Pleas is affirmed.


By Gwin, J.,

Wise, P.J., and

Baldwin, J., concur