[Cite as *State v. Wilson*, 2018-Ohio-396.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                        |
|------------------------|---|--------------------------------|
| STATE OF OHIO          | : | Hon. John W. Wise, P.J.        |
|                        | : | Hon. W. Scott Gwin, J.         |
| Plaintiff-Appellee     | : | Hon. William B. Hoffman, J.    |
|                        | : |                                |
| -vs-                   | : |                                |
|                        | : | Case No. 17CA31                |
| JESSIE WILSON          | : |                                |
|                        | : |                                |
| Defendant-Appellant    | : | O P I N I O N                  |


CHARACTER OF PROCEEDING:    Criminal appeal from the Richland County
                            Court of Common Pleas, Case No.
                            2016CR0582D

JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     January 31, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH SNYDER                           JOHN O'DONNELL III
Assistant Prosecutor                    10 West Newlon Place
38 South Park Street                    Mansfield, OH 44902
Mansfield, OH 44902

*Gwin, J.,*

{¶1} Appellant Jessie Wilson ["Wilson"] appeals his convictions and sentences after a jury trial in the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} In the months prior to September 1, 2016, officers of the Mansfield Police Department METRICH Enforcement Unit conducted surveillance on 321 and 329 West Sixth Street. The surveillance was initiated because of anonymous tips about drug activity at both locations. Ultimately, METRICH conducted two controlled buys with a confidential informant. During the first buy, the seller, Terry Hardin, was dropped off at 321 West Sixth while the confidential informant waited in the parking lot at the rear of the apartment building. Hardin was observed by the officers to walk over to 329 West Sixth Street, obtain drugs and return to the parking lot. The drugs were then exchanged with the confidential informant. During the second buy on August 25, 2016, the informant purchased the drugs inside 321 West Sixth Street. Wilson's vehicle, a red Chrysler Crossfire, was seen at 329 West Sixth Street on multiple occasions.

{¶3} On August 31, 2016, law enforcement officers obtained a search warrant from a Mansfield Municipal Court judge to search 329 West Sixth Street, Mansfield, Ohio. Wilson's neighbor, Edward Johnson, who lived at 319 West Sixth Street, identified Wilson to the police as living at 329 West Sixth Street. The morning of the raid, Mr. Johnson heard a knock and went to his front door. He saw Wilson enter the 321 West Sixth Street address. He had also previously seen Wilson walking his dog outside.

{¶4} When police executed the search warrant at 329 West Sixth Street they found a powdery substance out in the open, which later tested positive as .03 grams of

cocaine. A digital scale and plastic baggies were also found. A baggie of marijuana, weighing 28.16 grams, and a baggie of heroin weighing 10.13 grams were found in a utility closet. A pill bottle with 68 Buspirone tablets, weighing 2.57 grams, was found on a mantle. Photographs, including Wilson's were seen on the mantel. When Wilson was arrested, he stated that he lived at 329 West Sixth Street. (1T. at 261).

{¶5} The jury found Wilson guilty of Possession of Heroin, over ten (10) grams and less than fifty (50) grams, a felony of the second degree; Possession of Cocaine, less than five (5) grams, a felony of the fifth degree; and Possession of Buspirone, with a prior drug conviction, a felony of the fifth degree.

{¶6} The trial court sentenced Wilson to an 8-year mandatory prison sentence on the possession of heroin charge, and twelve months each for the possession of cocaine and possession of Buspirone charges. All sentences were ordered to be served concurrently.

*Assignments of Error*

{¶7} Wilson raises three assignments of error,

{¶8} "I. DEFENDANT/APPELLANT [WAS] DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A MOTION TO SUPPRESS EVIDENCE.

{¶9} "II. DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A DEMAND UNDER ORC §2925.51 FOR THE CHEMIST TO TESTIFY AND FOR THE HEROIN TO BE AVAILABLE FOR AN INDEPENDENT EXPERT TO WEIGH THE HEROIN.

{¶10} "III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

I.

{¶11}  In his first assignment of error, Wilson contends that he was denied the effective assistance of trial counsel.  Specifically, Wilson argues that his trial counsel should have filed a motion to suppress the search warrant issued in his case.

**STANDARD OF APPELLATE REVIEW.**

{¶12}  To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984).  A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other.  *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

{¶13}  Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel.  *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000–Ohio–0448; *Accord, State v. Ortiz,* 5th Dist. Stark No. 2015CA00098, 2016-Ohio-354, ¶56. Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted.  *State v. Lavelle*, 5th Dist. No. 07 CA 130, 2008–Ohio–3119, at ¶ 47; *State v. Cheatam*, 5th Dist. No. 06–CA–88, 2007–Ohio–3009, at ¶ 86.  The defendant must further show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued.  *See Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91

L.Ed.2d 305 (1986); *see, also, State v. Santana*, 90 Ohio St.3d 513, 739 N.E.2d 798 (2001), *citing State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

ISSUES FOR APPEAL

A. Whether there is a reasonable probability a motion to suppress the search warrant would have been granted.

{¶14} Wilson contends that the search warrant "could not corroborate the information that Defendant/Appellant lived at 329 West Sixth Street…" [Appellant's Brief at 6].

1). Standing to object to the search of 329 West Sixth Street.

{¶15} Only those whose rights were violated by the search itself can urge suppression of evidence obtained in violation of the Fourth Amendment. Standing is not achieved solely by a person's status as a defendant or by introduction of damaging evidence. *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176(1969). Consequently, before a court may review the reasonableness of police behavior, the defendant must be able to demonstrate that his Fourth Amendment right to privacy was violated.

{¶16} In *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697(1960), the United States Supreme Court held that automatic standing applied to any person charged with an offense in which possession is an essential element, and that any person legitimately on the premises where a search takes place could challenge the lawfulness of the search.

{¶17} Automatic standing was eliminated in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387(1978). In *Rakas*, the defendants were passengers in an

automobile that had been lawfully stopped on reasonable suspicion but unlawfully searched. The search uncovered a sawed-off rifle under the passenger seat and a box of shells in a locked glove box, which helped link the defendants to a robbery. The defendants never asserted a property interest in the evidence but claimed standing because of their lawful presence as passengers in the vehicle.

{¶18} The United States Supreme Court held that a court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the defendant's own constitutional rights. *Rakas,* at 133–140, 99 S.Ct. 421, 58 L.Ed.2d 387. *See, also*, *Brown v. United States*, 411 U.S. 223, 229–230, 93 S.Ct. 1565, 1569–70, 36 L.Ed.2d 208 (1973); *Alderman v. United States*, 394 U.S. 165, 171–172, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969); *Simmons v. United States*, 390 U.S. 377, 389, 88 S.Ct. 967, 973, 19 L.Ed.2d 1247 (1968). A defendant's Fourth Amendment rights are violated only when the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party. *Rakas v. Illinois*, 439 U.S., at 143, 149-152, (Powell, J., concurring); *Combs v. United States*, 408 U.S. 224, 227, 92 S.Ct. 2284, 2286, 33 L.Ed.2d 308 (1972); *Mancusi v. DeForte*, 392 U.S. 364, 368, 88 S.Ct. 2120, 2123, 20 L.Ed.2d 1154 (1968).

{¶19} To the extent that Wilson argues that no corroborating evidence established that he lived at 329 West Sixth Street, he would not have had standing to challenge the search warrant issued and executed at that address. Thus, not filing a motion to suppress may have been a tactical decision by Wilson.

{¶20} A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298(1999); *State v.*

*Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 150; *State v. Donkers,* 170 Ohio App.3d 509, 867 N.E.2d 903, 2007-Ohio-1557, ¶ 183(11th Dist.). Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. Id. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), citing *People v. Miller*, 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089(1972); *State v. Wiley*, 10th Dist. No. 03AP-340, 2004- Ohio-1008 at ¶ 21.

**{¶21}** Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995–Ohio– 171. Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. "Poor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process * * *." *State v. Clayton*, 62 Ohio St.2d 45, 48, 402 N.E.2d 1189 (1980) (*quoting United States v. Denno,* 313 F.2d 364 (2nd Cir. 1963), *certiorari denied* 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143.

B. Whether the affidavit in support of the search warrant contains sufficient probable cause upon which the reviewing court could issue the search warrant.

**{¶22}** Wilson contends that the affidavit contains references to anonymous tips without any indication concerning the veracity of the provider of the information.

**{¶23}** At the outset we note, the record before this Court contains neither the search warrant nor the affidavit in support of the search warrant. Accordingly, we generally presume the regularity of that proceeding and affirm. *State ex rel. Hoag v.*

*Lucas Cty. Bd. of Elections*, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, *citing Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39, 671 N.E.2d 1(1996); State *ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506 (9th 1993); *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239 (9th 1989). This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385(1980). If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Wozniak,* 90 Ohio App.3d at 409, 629 N.E.2d at 506*; In re Adoption of Foster* (1985), 22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072-1073 (3rd 1985), *overruled on other grounds, In re Adoption of Sunderhaus,* 63 Ohio St.3d 127 (1991).

{¶24} Also, in *State v. Hooks*, 92 Ohio St.3d 83, 2001–Ohio–150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal

on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978). It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. Pickaway No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(10th Dist. 1963).

{¶25} In the alternative, we would in the interest of justice, note that the record does contain evidence that the premises were under surveillance by law enforcement and two controlled buys were conducted using a confidential informant. Law enforcement officers observed these buys.

{¶26} In reviewing the affidavit in this case, we are guided by the following instruction by the Ohio Supreme Court: ""[R]eviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant. On the contrary, reviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George,* 45 Ohio St.3d 325, 330 544 N.E.2d 640(1989), paragraph two of the syllabus; *Illinois v. Gates*, 462 U.S. 213, 238-239, 102 S.Ct. 2317, 76 L.Ed.2d 527(1983), internal citations omitted. "'[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *State v. George*, *supra* at 329, 544 N.E.2d 640, *citing Gates*, 462 U.S. at 238-239. *See also*, *State v. Norman*, 5th Dist. Guernsey No. 2010-CA-21, 2011-Ohio-568 at ¶ 33.

{¶27} In assessing whether a party has met its burden of proof, the Ohio Supreme Court has stated, "[t]he degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118, 123(1954). See also, *Rice v. City of Cleveland*, 144 Ohio St. 299, 58 N.E. 768(1944). "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640(1989*), paragraph one of the syllabus, quoting Illinois v. Gates*, 462 U.S. 213, 238-39. *See also, State v. Norman, supra*, 2011-Ohio-568, ¶ 38.

{¶28} Moreover, evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause will not be barred by the application of the exclusionary rule. See *George*, 45 Ohio St.3d 325 at paragraph three of the syllabus, citing *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677(1984). Finally, an officer executing a valid warrant may seize an item not described in the warrant if "it was 'immediately apparent' that the item was incriminating." *State v. Waddy, supra* 63 Ohio St.3d at 442, *citing Coolidge v. New Hampshire*, 403 U.S.

443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564(1971). See also *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112(1990).

**{¶29}** In the case at bar, the evidence discloses that in reliance upon the fact that unidentified citizen informants reported drug activity at the location the police conducted surveillance and two controlled buys from the premises. This would be sufficient probable cause upon which the reviewing court would issue the search warrant.

**{¶30}** As there is not a reasonable probability that a motion to suppress the search warrant would have been granted, trial counsel was not ineffective in failing to file the motion to suppress.

**{¶31}** Wilson's first assignment of error is overruled.

II.

**{¶32}** In his second assignment of error, Wilson argues he was denied effective assistance of counsel because counsel: 1). did not demand the chemist who weighed and analyzed the drugs testify at trial; 2). did not demand the heroin to be made available for independent testing and 3). did not demand an independent expert to weight the heroin.

**STANDARD OF APPELLATE REVIEW.**

**{¶33}** To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693(1984). A defendant's failure to satisfy one prong of the Strickland test negates a

court's need to consider the other. *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

ISSUES FOR APPEAL

A. Whether Wilson was prejudiced by his attorney's failure to have the expert testify or to have the drugs re-weighed by an independent expert.

{¶34} In the case at bar, Wilson was charged with possession of more than 10 grams but less than 50 grams of heroin in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(6)(d). The laboratory report submitted at trial indicates that 10.03 grams of heroin were recovered from the residence. (1T. at 256; State's Exhibit 33).

{¶35} Wilson agrees that he cannot demonstrate that live testimony of the chemist who weighed and analyzed the heroin would have changed the outcome of the jury verdict. Wilson contends, however, that given how little the weight of the heroin is over 10 grams trial counsel should have requested an independent analysis at least concerning the weight of the drug. [Appellant Brief at 10].

{¶36} Debatable trial tactics do not establish ineffective assistance of counsel. *State v. Hoffner*, 102 Ohio St.3d 358, 365, 2004–Ohio–3430(2004), ¶ 45. Trial counsel's failure to request an expert is a "debatable trial tactic," and does not amount to ineffective assistance of counsel. *See State v. Thompson* (1987), 33 Ohio St.3d 1, 9, 514 N.E.2d 407 (trial counsel's failure to obtain a forensic pathologist to "rebut" issue of rape was not ineffective assistance of counsel); *State v. Foust*, 105 Ohio St.3d 137, 153–154, 2004–Ohio–7006, 823 N.E.2d 836, ¶¶ 97–99 (trial counsel's failure to request funds for a DNA expert, an alcohol and substance-abuse expert, a fingerprint expert, and an arson expert did not amount to ineffective assistance of counsel because appellant's need for experts

was "highly speculative" and counsel's choice "to rely on cross-examination" of prosecution's expert was a "legitimate tactical decision"); *State v. Yarger*, 6th Dist. No. H–97–014, 1998 WL 230648 (May 1, 1998) (trial counsel's failure to hire an expert medical doctor to rebut the state's expert witness was not ineffective assistance of trial counsel); *State v. Rutter*, 4th Dist. No. 02CA17, 2003–Ohio–373, ¶ 19, 28 (trial counsel's failure to hire an accident reconstructionist did not amount to ineffective assistance of counsel).

**{¶37}** In the case at bar, Wilson's argument that re-weighing the heroin would have resulted in a finding of less than 10 grams is entirely speculative. Here, the record reveals that trial counsel's decision to rely on cross-examination appears to have been a legitimate "tactical decision," especially in light of Wilson's defense at trial that the drugs were not his and there was no corroborating evidence to prove he even lived at the place where the drugs were recovered. *See, State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 97 (2004).

**{¶38}** Accordingly, the failure to demand the chemist testify at trial and to demand an independent expert reweigh the drugs cannot be considered ineffective assistance of counsel under the facts of this case.

**{¶39}** Wilson's second assignment of error is overruled.

III.

**{¶40}** In his third assignment of error, Wilson maintains that the trial court erred in imposing the maximum sentence for possession of heroin of more than 10 grams but less than 50 grams of heroin in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(6)(d).

**{¶41}** R.C. 2925.11(C)(6) provides in pertinent part,

(d) If the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree, and *the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.* (Emphasis added).

**{¶42}** Wilson was sentenced to the maximum sentence of eight years. R.C. 2929.14(A)(2).

**STANDARD OF APPELLATE REVIEW.**

**{¶43}** In accordance with R.C. 2953.08(A)(1), Wilson is entitled to appeal as of right the maximum sentence imposed on his conviction.

**{¶44}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that ***either*** *the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I),* ***or*** *the sentence is otherwise contrary to law. See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶45}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶46}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

### *R.C. 2929.13(B).*

**{¶47}** R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. This section does not apply to Wilson's appeal.

### *R.C. 2929.13(D).*

**{¶48}** R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable.

**{¶49}** R.C. 2929.13(D) (1) provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court may impose a community control sanction," (emphasis added), but only if the sentencing court finds that

a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

{¶50} However, in R.C. 2925.11(C)(6)(d), the legislature has mandated a prison sentence be imposed under the facts established at trial in Wilson's case. Thus, the trial court was not required to make any findings before imposing a mandatory prison sentence from within the range of prison sentences specified for a felony of the second degree.

### R.C. 2929.14.

{¶51} R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Wilson was not given an additional prison sentence.

### R.C. 2929.14(C).

{¶52} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. The trial court imposed concurrent sentences in Wilson's case.

### R.C. 2929.20.

{¶53} R.C. 2929.20 (I) is inapplicable, as Wilson was not applying to the court for judicial release.

### R.C. 2929.11 and R.C. 2929.12.

{¶54} The *Marcum* court further noted,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after

consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

**{¶55}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶56}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶57}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have

full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823.

**{¶58}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶59}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶60}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to

address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶61}** In the case at bar, the trial court made the following findings during Wilson's sentencing hearing,

THE COURT: All right. Coming to the factors that I am required to weigh under Ohio Revised Code 2929.12, has factors that I am required to consider in every case in sentencing which make the conduct more serious or less serious, which make recidivism, a repeat crime, more likely or less likely. In terms of factors which make the conduct more serious, the defendant acted as a part of organized criminal drug activity in the trade. That is the factor I see more serious. I don't see any that make it less serious.

In terms of recidivism, the factors that I see that make recidivism more likely is Mr. Wilson has a history of criminal convictions and including specifically a drug trafficking conviction and also possession of weapons, carrying a concealed weapon. Drugs and guns don't mix.

Also, I am seeing that he satisfies the factor of not responding favorably to sanctions imposed in the past for various types of drug crimes, including drug trafficking crimes.

And then, finally, he shows no genuine remorse. He has not conceded at all he is remorseful about what he did.

Given all of those factors and given the large quantity of heroin and the problem that it is in this community, I believe the appropriate sentence is 8 years of actual incarceration on Count 1; 12 months on each of the other counts, and they are concurrent with Count 1. So the sentence is 8 years There is a mandatory 3 years of Post Release Control.

2T. at 82-84. Accordingly, the trial court had considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶62} Wilson was sentenced for a felony of the second degree. The sentencing range for a second-degree felony is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Wilson was given a sentence of eight years, which is within the statutory range. Accordingly, the sentence is not contrary to law.

{¶63} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Wilson regarding post release control. Upon a thorough review, we find the

record clearly and convincing supports the sentence imposed by the trial court.

{¶64}   While Wilson may disagree with the weight given to these factors by the trial judge, Wilson's sentence was within the applicable statutory range for a felony of the second degree and therefore, we have no basis for concluding that it is contrary to law.

{¶65}   Wilson's third assignment of error is overruled.

{¶66}   The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, J.,

Wise, John, P.J., and

Hoffman, J., concur